917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Myrtle GRIFFITH, (Widow of Otis Griffith), Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3160.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Myrtle Griffith, the widow of former miner Otis Griffith, appeals from a denial of benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Griffith argues that the administrative law judge applied an erroneous legal standard to determine that her husband's death was not "due to pneumoconiosis" as required for survivors benefits under 20 C.F.R. Sec. 718.205(c). Griffith also asserts that the deputy commissioner failed to sufficiently justify an earlier denial of benefits to her husband in violation of the Administrative Procedure Act, 5 U.S.C. Sec. 554(c)(2). We agree that the administrative law judge applied an inappropriate legal standard, and accordingly remand this case for action consistent with this opinion.
 
 
 2
 Otis Griffith worked as a coal miner in various mines for ten years and five months of his seventy-one years. He initially filed for Black Lung Benefits on Feb. 2, 1971. This application was ultimately denied on August 26, 1977. Mr. Griffith filed a second black lung claim on Dec. 28, 1983. This claim was denied by the deputy commissioner of the OWCP because there was no evidence of total disability due to pneumoconiosis, nor was there a "material change in condition" from the previous denial of benefits in 1971. 20 C.F.R. Sec. 725.309. At Mr. Griffith's request, his case was forwarded to the Office of Administrative Law Judges for a formal hearing. Mr. Griffith died on August 24, 1985, before a hearing could be scheduled. His widow, Myrtle Griffith, was named as substitute party on behalf of Mr. Griffith's estate. Mrs. Griffith also filed a claim for survivors benefits pursuant to 20 C.F.R. Sec. 718.205(c).
 
 
 3
 Mrs. Griffith filed her survivors claim on October 1, 1985. That claim was also denied by the OWCP on the grounds that there was insufficient evidence Mr. Griffith suffered from pneumoconiosis or his death was related to it. Mrs. Griffith's claim was also forwarded to the Office of Administrative Law Judges for scheduling of a consolidated hearing of both her claim and that of her husband's estate. Before a consolidated hearing could be held, the Benefits Review Board determined that a denial of a duplicate claim under 20 C.F.R. Sec. 725.309, such as Mr. Griffith's 1971 and 1983 claims, was a discretionary act on the part of the deputy commissioner appealable directly to the Board, not to an administrative law judge. See Lukman v. Director, 11 Black Lung Rep. (MB) 1-71 (Ben.Rev.Bd.1988), rev'd, 896 F.2d 1248 (10th Cir.1990). Accordingly, the administrative law judge ruled that he did not have jurisdiction over the claim made by Mr. Griffith's estate, and remanded the claim to the deputy commissioner. The deputy commissioner subsequently issued a finding of "no material change in condition." Nothing in the record indicates any further action on the estate's claim. Without appeal to the Benefits Review Board, this Court lacks jurisdiction to hear the estate's claim. Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).
 
 
 4
 The administrative law judge did accept jurisdiction over Mrs. Griffith's survivors claim, ruling that no benefits were due because Mrs. Griffith had failed to show that her husband's death was due to pneumoconiosis. The administrative law judge found the medical history to be conflicting and insufficient to establish pneumoconiosis by a preponderance of the evidence. The judge noted that:
 
 
 5
 Even if I were to find that the Miner had some degree of pneumoconiosis, there is still no evidence in the record to establish that the cause of the Miner's death was significantly related to or significantly aggravated by pneumoconiosis. Foreman v. Peabody Coal Co., supra. There is also no evidence that pneumoconiosis was a substantially contributing cause or factor leading to the Miner's death, nor is there evidence that the Miner's death was caused by complications of pneumoconiosis. (Sec. 718.205(c)(2)) I also find that there is no evidence of complicated pneumoconiosis; therefore entitlement cannot be established under Section 718.205(c)(3).
 
 
 6
 Mrs. Griffith appealed her claim to the Benefits Review Board which affirmed the denial of benefits. Mrs. Griffith now appeals to this Court.
 
 
 7
 Mrs. Griffith seeks a remand to determine whether her husband's death was "due to pneumoconiosis" as defined by Sec. 718.205(c). She argues that the administrative law judge applied an incorrect legal standard in determining that her husband's death was not "due to pneumoconiosis." We agree that a remand is required.
 
 
 8
 This Court's review of an administrative law judge's decision requires us to scrutinize that decision for errors of law and adherence to statutory standards. Director, OWCP v. Rowe, 710 F.2d 251 (6th Cir.1983). The administrative law judge's language "significantly related to or significantly aggravated by pneumoconiosis," followed by the citation to Foreman v. Peabody Coal Co., 8 Black Lung Rep. (MB)1-371 (Ben.Rev.Bd.1985), establish an erroneous application of 20 C.F.R. Sec. 718.205(b), which does not apply to claims filed after January 1, 1982. The reference to the correct legal standard, Sec. 718.205(c), which requires pneumoconiosis be a "substantially contributing cause" of death to be considered "death due to pneumoconiosis," does not serve to cleanse the application of an errant standard. Director, OWCP v. Rowe, 710 F.2d at 254. In such instances, the proper course for this Court is to remand the case to the administrative law judge. Such a remand order is necessary to comply with the policy of ensuring benefits to all who qualify under the Black Lung Act. Gibas v. Saginaw Mine Co., 748 F.2d at 1112.
 
 
 9
 The Director concedes that the administrative law judge applied an inappropriate legal standard, but asks this Court to include interpretive instructions with any remand to require the administrative law judge and the Benefits Review Board to apply the Director's interpretation of Sec. 718.205(c), as accepted by the Third Circuit in Lukosevicz v. Director, OWCP, 888 F.2d 1001 (3d Cir.1989). We find that an interpretive order as to Sec. 718.205(c), or any action consistent with Lukosevicz, is premature at this time without evidence that the administrative law judges or the Benefits Review Board have applied an incorrect reading of Sec. 718.205(c).
 
 
 10
 Accordingly, the case is remanded.