999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ada SMITH, Widow of Willie Smith, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-3942.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1993.
 
 Before: GUY and SUHRHEINRICH, Circuit Judges; and JOINER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In this black lung benefits case, claimant Ada Smith challenges the Benefits Review Board's (Board) decision that pneumoconiosis was not a substantially contributing cause of her husband Willie Smith's death. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Decedent Willie Smith worked in coal mines for fifteen years, and was totally disabled from pneumoconiosis.[1] On July 15, 1988, he died. On August 11, 1988, claimant filed an application for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945, contending that pneumoconiosis caused her husband's death. The Department of Labor denied her claim, and she requested a hearing before an Administrative Law Judge (ALJ). The ALJ determined that although decedent had pneumoconiosis, the evidence did not establish that pneumoconiosis was a substantially contributing factor in his demise, and denied claimant's request for benefits. Claimant appealed to the Board, which affirmed.
 
 II.
 
 3
 We must affirm if the Board committed no legal error and if the ALJ's decision was supported by substantial evidence. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990); Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir.1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938))).
 
 A.
 
 4
 Claimant first argues that the ALJ should have applied the rebuttable presumption of 20 C.F.R. § 718.305(a) (1992) to determine whether pneumoconiosis was the cause of death. That section provides:
 
 
 5
 (a) If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest X-ray submitted in connection with such miner's or his or her survivor's claim and it is interpreted as negative with respect to the requirements of § 718.304, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption ... that such miner's death was due to pneumoconiosis....
 
 
 6
 20 C.F.R. § 718.305(a) (1992). However, § 718.305(e) then adds: "This section is not applicable to any claim filed on or after January 1, 1982." 20 C.F.R. § 718.305(e) (1992). Because claimant filed this claim on August 11, 1988, well after January 1, 1982, the presumption simply did not apply.
 
 B.
 
 7
 To receive survivor's benefits, a claimant must prove that pneumoconiosis caused the death, that pneumoconiosis was a "substantially contributing cause" of the death, or that complications of pneumoconiosis caused the death. 20 C.F.R. § 718.205(c)(1-2) (1992). The sole issue raised by claimant here is whether pneumoconiosis was a "substantially contributing cause" of decedent's death. We have recently held that to be a "substantially contributing cause" of death, pneumoconiosis must have "actually hastened [the miner's] death." Brown v. Rock Creek Mining Co., No. 92-3496, 1993 U.S.App. LEXIS 13638, at * 10 (6th Cir. June 14, 1993).[2]
 
 
 8
 The evidence adduced at the hearing was not extensive. The death certificate stated that the immediate cause of death was "Carcinomatosis" and "Adenocarcinoma rectum." It listed "Chronic obstructive pulmonary disease" under the classification "Other Significant Conditions: Conditions contributing to death but not related to [the immediate] cause [of death]." In a September 23, 1988 letter, the coroner, Dr. Frank P. Cleveland, opined that cancer was the immediate cause of death.[3] In a September 16, 1988 letter, decedent's treating physician of six years, Dr. Arthur I. Richards, noted decedent's history of pneumoconiosis, but concluded that cancer was the cause of death. The evidence also included summaries of examinations of decedent made on January 2, 1985 and January 9, 1984, as well as the analysis of a chest X-ray taken on August 5, 1983, which established that decedent suffered from pneumoconiosis. Finally, claimant and her son testified that decedent experienced great difficulty breathing during the last months of his life.
 
 
 9
 Claimant argues that the evidence clearly showed that pneumoconiosis actually hastened decedent's death, and was therefore a substantially contributing cause of his death. We disagree that this conclusion is so clear. Although the death certificate stated that pulmonary disease was a significant cause in decedent's death, it did not indicate how it might have hastened the death. Neither the coroner nor decedent's treating physician mentioned pneumoconiosis as a contributing cause of death. The other medical evidence was based on examinations made three to five years before decedent died, and established only that decedent had pneumoconiosis, not the relationship of pneumoconiosis to his death. While the lay testimony certainly showed that decedent suffered from pneumoconiosis, it did not necessarily prove that pneumoconiosis hastened his death. Reviewing the evidence as a whole, we conclude that although some evidence arguably supported claimant's argument, the ALJ's decision was nevertheless plainly supported by substantial evidence.
 
 
 10
 For the foregoing reasons, we AFFIRM.
 
 
 11
 CHARLES W. JOINER, Senior District Judge, dissenting.
 
 
 12
 I would reverse. The Black Lung Benefits Act is "remedial in nature, and it must be liberally construed to include the largest number of miners as benefit recipients." Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1042 (6th Cir.1993) (quoting Southard v. Director, OWCP, 732 F.2d 66, 71 (6th Cir.1984)). See also 20 C.F.R. § 718.3(c): "In enacting Title IV of the Act, Congress intended that claimants be given the benefit of all reasonable doubt as to the existence of total or partial disability or death due to pneumoconiosis."
 
 
 13
 Petitioner's husband, Willie Smith, had a 15-year history of coal mine employment. He filed a claim for black lung benefits in 1983 and was thereafter determined to be totally disabled due to pneumoconiosis arising out of coal mine employment. Smith was receiving black lung benefits at the time of his death in 1988.
 
 
 14
 Smith's death certificate listed carcinomatosis due to adenocarcinoma of the rectum as the cause of death. The death certificate also listed chronic obstructive pulmonary disease (COPD) as a significant condition contributing to death. "Pneumoconiosis" as such was not listed, but the coroner was unaware that Smith had a history of coal mine employment. No conditions other than COPD were identified as contributing to Smith's death.
 
 
 15
 Chronic obstructive pulmonary disease is defined as a "clinically significant, irreversible, generalized airways obstruction associated with varying degrees of chronic bronchitis, abnormalities in small airways, and emphysema." The Merck Manual 628 (14th ed. 1982). Pneumoconiosis is defined for purposes of the Black Lung Benefits Act as a
 
 
 16
 chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment.... For purposes of this definition, a disease "arising out of coal mine employment" includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment.
 
 
 17
 20 C.F.R. § 718.201. There is no evidence in the record reflecting that Willie Smith's COPD, listed on his death certificate as a significant condition contributing to death, was a condition distinct from his pneumoconiosis or that its cause was unrelated to Smith's coal mine employment.
 
 
 18
 Petitioner Ada Smith is entitled to survivor's benefits if Smith's pneumoconiosis was a substantially contributing cause of his death. 20 C.F.R. § 718.205(c)(2), (4). In accordance with the courts of three other circuits, this court has recently adopted the interpretation of this regulation urged by the OWCP, that pneumoconiosis is a "substantially contributing cause" of death if the pneumoconiosis had a tangible effect on a miner's death, such as hastening his death. Brown v. Rock Creek Mining Co., --- F.2d ----, No. 92-3496, 1993 WL 197550 at * 2, * 7, 1993 U.S.App. LEXIS 13638 at * 5, * 10 (6th Cir. June 14, 1993).
 
 
 19
 In my view, Willie Smith's COPD, evaluated as significant and found to have contributed to his death, meets the requirements of section 718.205(c)(2) and (4), as interpreted by Brown. There is no indication in the record that Smith's pulmonary disease was unrelated to the pneumoconiosis from which he suffered at death, and for which he was receiving black lung benefits at the time of death. I conclude that the determinations of the ALJ and the Benefits Review Board that petitioner failed to establish that Willie Smith's pneumoconiosis was a substantially contributing cause of his death are not supported by substantial evidence, and the entire record indicates that it would not support a denial of benefits.
 
 
 20
 For these reasons, I would reverse and direct that benefits be awarded.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A person claiming to be aggrieved because his property has been erroneously seized in satisfaction of a third-person's tax liability may bring a wrongful levy action pursuant to 26 U.S.C. § 7426. This action permits "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property" to bring an action seeking relief in the form of an injunction, recovery of the property, or recovery of the proceeds of the sale of the property. 26 U.S.C. § 7426(a)(1), (b)(1), (b)(2)
 
 
 *
 Honorable Charles W. Joiner, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Pneumoconiosis is defined as:
 a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment....
 
 
 [20]
 C.F.R. § 718.201 (1992)
 
 
 [2]
 We note that the ALJ applied this standard in reliance on Lukosevicz v. Director, OWCP, 888 F.2d 1001 (3d Cir.1989), even though we had not yet interpreted the language
 
 
 [3]
 The coroner mistakenly stated that the decedent had no history of coal mining, and could not have developed pneumoconiosis. Claimant argues that the coroner's opinion is unreliable because of this error. No doubt, this error lessened the weight due the coroner's opinion, but we do not find that the error made his opinion totally unreliable. Moreover, other evidence before the ALJ plainly and irrefutably established decedent's history of coal mining and pneumoconiosis. Because of this evidence, we conclude that the impact of the coroner's mistake on the ALJ's decision was minimal