Kathryn **LUKOSEVICZ** (Widow of Alexander Lukosevicz), Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 89–3359.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 2, 1989.

Decided Nov. 7, 1989.

J. Scott Leckie, Yablonski, Costello, Leckie & Chaban, Washington, Pa., for petitioner.

Michelle Gerdano, Michael Denney, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for respondent.

Before SLOVITER, SCIRICA and NYGAARD, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

I.

We are faced with a conflict between the Director of the Office of Workers' Compensation Programs (Director) and the Benefits Review Board (Board) over the interpretation of a regulation.[1] The regulation at issue, 20 C.F.R. § 718.205(c), sets forth the criteria used to determine whether the death of a miner will be considered to be due to pneumoconiosis, commonly known as black lung disease, in order to entitle the survivor to benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–960 (1982). The particular subsection at issue here applies when pneumoconiosis was a "substantial cause or factor leading to the miner's death." 20 C.F.R. § 718.205(c)(2).

Kathryn Lukosevicz, the widow of a miner, filed a claim on February 11, 1983 for survivor's benefits following the death of her husband. An Administrative Law Judge denied benefits on the ground that pneumoconiosis was not a "substantially contributing cause" of death within the meaning of the regulation. On appeal to the Benefits Review Board, the Director, as well as the claimant, argued that the ALJ erred in applying the regulation. The Board rejected the Director's position and affirmed the ALJ's decision.

Following the filing by Lukosevicz of a petition for review of the Board's decision in this court, Lukosevicz and the Director filed a joint motion to remand this case to the Benefits Review Board with instructions to vacate the Board's opinion and remand this case for payment of benefits. Because such action entails a decision on

---

1. In a prior appeal, we were presented with a similar conflict over a different regulation and upheld the Director's view. *See Koppenhaver v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor,* 864 F.2d 287 (3d Cir.1988) [party hereinafter Director, OWCP].

the merits, we asked the parties to file memoranda setting forth the relevant facts, together with any supporting documentation, and the legal argument in support of their position.[2] We have jurisdiction over the appeal pursuant to 30 U.S.C. § 932(a) (Supp. V 1987). *See Marx v. Director, OWCP,* 870 F.2d 114, 116 (3d Cir. 1989).

## II.

■ Lukosevicz and the Director argue, in essence, that the Board is applying an incorrect legal interpretation of the administrative regulation in question. The issue is a matter of first impression in the courts of appeals.

The Black Lung Benefits Act (Act) provides in general terms that benefits are to be provided "to the surviving dependents of miners whose death was due to [pneumoconiosis.]" 30 U.S.C. § 901(a) (1982). The Act left to the Department of Labor, the agency charged with implementing the Act, the task of defining the term "due to." *See* 30 U.S.C. § 932(a) (Supp. V 1987).[3] The current version of § 718.205(c) applicable to Lukosevicz provides:

[for] survivors' claims filed on or after January 1, 1982, death will be considered to be due to pneumoconiosis if any of the following criteria is met:

(1) Where competent medical evidence established that the miner's death was due to pneumoconiosis, or

(2) Where pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis, or

(3) Where the presumption [arising from medical evidence of complicated pneumo-

coniosis] set forth at § 718.304 is applicable.

(4) However, survivors are not eligible for benefits where the miner's death was caused by a traumatic injury or a principal cause of death was a medical condition not related to pneumoconiosis, unless the evidence establishes that pneumoconiosis was a substantially contributing cause of death.

20 C.F.R. § 718.205(c) (1988).

■ Lukosevicz had the burden of establishing that pneumoconiosis was at least a "substantially contributing cause" of her husband's death within the meaning of the regulatory definition in § 718.205(c)(2).[4] At the hearing before the ALJ, Lukosevicz presented the following evidence. The death certificate stated that the immediate cause of death was pancreatic carcinoma but listed pulmonary emphysema as an "other significant condition." An autopsy report prepared by Dr. Ronald K. Wright, Chief Medical Examiner of the University of Miami, listed pulmonary emphysema as a contributing cause of death. Finally, Dr. Wright wrote a letter to Lukosevicz's attorney stating:

Mr. Lukosevicz' lungs show pulmonary anthracosis based upon microscopic examination. In my opinion, *this condition shortened Mr. Lukosevicz' life, albeit briefly* and was therefore contributory to his death. However, his primary cause of death was pancreatic cancer unrelated to his anthracosis.

(emphasis added).

Based on this record, the ALJ determined that "the evidence clearly establishes that the decedent had pneumoconiosis." Record at 75. He based this conclusion on the following reasoning:

---

2. When a decision by a court of appeals to vacate a Benefits Review Board order and to remand for payment of benefits implicates the Board's legal interpretation, it is inappropriate to take such action without examining the underlying legal issue. Because the Board is not a party before us, the grant of the joint motion filed by the petitioner Lukosevicz and the respondent Director without requiring some development of the relevant facts and law would have pretermitted examination of the basis for the Board's decision. Accordingly, the Director

is instructed to file a supporting memorandum with any such motion in the future.

3. The Secretary of Labor has redelegated the task to the Director. *Hillibush v. United States Dep't of Labor, Benefits Review Board,* 853 F.2d 197, 203 n. 9 (3d Cir.1988).

4. We note the decedent had insufficient years of employment to qualify for the presumption of causation set forth in § 718.305(a).

Dr. Wright stated that a microscopic examination of the decedent's lungs revealed the presence of anthracosis, which is included within the definition of pneumoconiosis. *See* § 718.201. Autopsy findings are clearly superior to X–rays for detecting the presence of pneumoconiosis. Anthracosis is due to the deposition of coal dust in the lungs. *See Dorlands Pocket Medical Dictionary*, 22nd Ed. at 45. Therefore, it is logical to conclude that the decedent's anthracosis or pneumoconiosis was caused by his coal mine employment despite his occupational exposure to other substances and his cigarette smoking.

Record at 75.

The ALJ noted Dr. Wright's statement that the decedent's anthracosis briefly shortened his life. Nonetheless, the ALJ concluded that pneumoconiosis was not a "substantially contributing cause" of death, stating that there was no "specific evidence that the decedent's anthracosis was a substantially contributing cause of his death and in light of Dr. Wright's finding that an unrelated disease process was the primary cause of death." Record at 75.

The Benefits Review Board affirmed the ALJ's decision, holding that "it was within the [ALJ's] discretion to determine whether the medical evidence established claimant's burden of proof on this issue."[5] Record at 2. In rejecting the Director's contention that as a matter of law any condition that actually hastens the miner's death is a "substantially contributing cause," the Board relied on the amendment of the regulation. It emphasized that previously a claimant relying on that subsection of the regulation was required to establish that the miner's death was "significantly related to or aggravated by pneumoconiosis." That provision was changed in 1983 to require proof that pneumoconiosis was a "substantially contributing cause or factor leading to the miner's death." Record at 2 (relying on 48 Fed.Reg. 24,275, 24,277–78(*l*)–(*o*) (1983)).

Because there was no evidence to contradict Dr. Wright's medical opinion that anthracosis "shortened Mr. Lukosevicz' life, albeit briefly," the question before us is whether a condition that hastens death, even briefly, can be considered a substantially contributing cause of death under 20 C.F.R. § 718.205(c). The Director relies on the ordinary meaning of the constituent words to support his interpretation of the regulation. Citing the dictionary definitions of the words "substantial," "contributing," and "cause," he argues that a substantially contributing cause is anything which has "an actual or real share in producing an effect" and that any condition that hastens death fits this definition. Memorandum of Director at 1004.

However, we are not always free to interpret a regulation pursuant to such a common sense approach. In this case, we must look also at the legislative history of the 1981 Black Lung Benefits Amendments which preceded the 1983 amendment to the regulation. Since enactment of the Black Lung Benefits Act, Congress has alternatively expanded and contracted its coverage. A thorough history is set forth in *Bonessa v. United States Steel Corp.*, 884 F.2d 726, 727–28 (3d Cir.1989). In the early 1980s Congress attempted to limit the increasing cost of black lung benefits and to ensure that only those who were truly disabled received benefits by restricting eligibility criteria. *Id.* at 727; *see* Black Lung Benefits Revenue Act of 1981, Pub.L. No. 97–119, 95 Stat. 1635 (codified at 26 U.S.C. § 4121 (1982)); Black Lung Benefits Amendments of 1981, Pub.L. No. 97–119, 95 Stat. 1643 (codified at 30 U.S.C. §§ 922, 923 (1982)). In particular, the Senate sponsor of the 1981 amendments, Senator Orin Hatch, stated:

> The bill [S. 1922] also addresses what many regard as the underlying reason for the trust fund's insolvency—namely the eligibility criteria. This without question has evoked tremendous controversy. Many have contended that the current

**5.** We note that the Board also stated that the ALJ's finding is supported by substantial evidence "since he rationally determined that Dr. Wright's opinion was conclusory." We find no such determination in the ALJ's opinion.

criteria are simply too loose and that thousands of claimants who are not truly disabled have received benefits.

127 Cong.Rec. 31,977 (1981).

The amendments eliminated several preexisting presumptions in favor of eligibility, tightened evidentiary requirements, and repealed the provision that had allowed survivors to collect compensation if the miner had suffered from pneumoconiosis prior to death but died from an unrelated cause, such as a fatal accident. S.1922, 97th Cong., 1st Sess., 127 Cong.Rec. 31,-976–77; H.R. 5159, 97th Cong., 1st Sess., 127 Cong.Rec. 31,745–46 (identical Senate and House bills concerning benefits enacted in their entirety).

The amendments did not explicitly amend the statutory language that death be "due to" pneumoconiosis. Neither did they contain any language suggesting disapproval of the then existing regulations which provided that death was deemed to be "due to" pneumoconiosis where death was "significantly related to or aggravated by pneumoconiosis" or where death was due to multiple causes and it was not medically feasible to determine the extent to which pneumoconiosis contributed to the cause of death. 20 C.F.R. § 718.205(b)-(c) (1983) (currently codified at § 718.205(b) and applicable only to claims filed prior to January 1, 1982). However, on the floor of Congress Senator Hatch and Representative Perkins both stressed in their respective chambers that pneumoconiosis must be a "substantially contributing cause or factor." 127 Cong.Rec. at 31,747, 31,978 (1981). To illustrate their understanding of the causal relationship necessary to create entitlement to survivor's benefits, both employed the same example: where the principal cause of death is pneumonia, pneumoconiosis may be a substantially contributing cause of death. *Id.* Both also noted that survivors would not be eligible for benefits where the death was caused by "a traumatic injury or an unrelated medical condition." *Id.* at 31,747 (statement of Rep. Perkins); *see also id.* at 31,978 (statement of Senator Hatch).

In response to these indications that Congress intended to tighten the causal relationship necessary to obtain benefits, the Department of Labor, after a comment period, promulgated the current regulation which applies the Hatch–Perkins language, "substantially contributing cause," to all claims filed after January 1, 1982. *See* 48 Fed.Reg. 24,276–88 (1983). The Department omitted from the new regulation the phrase "significantly related to or aggravated by" because "those terms are not used in the Hatch–Perkins statement concerning the types of causal nexus which they intended to be compensable...." *Id.* at 24,-277(*l*). However, the Department emphasized that while "no benefits are payable where the cause of the miner's death was unrelated to pneumoconiosis ..., pneumoconiosis need not be the 'principal', sole, primary or proximate cause of the miner's death in order for the survivor's claim to be compensable." *Id.* at (n).

The Benefits Review Board relied on these 1983 changes in the regulation in rejecting the Director's interpretation of the regulation. Record at 2–3. Although, as noted above, the changes effected by the Black Lung Benefits Amendments and the amended § 718.205(c) reflect Congress' clear intent that benefits be unavailable where death is caused by a traumatic injury or by an unrelated medical condition, there is no evidence to suggest that Congress or the Department of Labor intended to deny benefits where pneumoconiosis actually shortened a miner's life, albeit briefly.

■ In this instance, where neither congressional intent nor the statute clearly provide the answer, it is appropriate to defer to the Director's interpretation of his own concededly valid regulation. As we discussed in *Bethlehem Mines Corp. v. Director, OWCP*, 766 F.2d 128, 130 (3d Cir. 1985), deference is accorded to the Director and not to the Benefits Review Board.

Congress has delegated rule-making powers under the Black Lung Benefits Act to the Secretary of Labor. 33 U.S.C. § 932(a). The Secretary has redelegated all his powers under the Act to the Di-

rector. The BRB, by contrast, is merely an adjudicatory tribunal, and Congress has conferred upon it no authority to make rules or formulate policy. 30 U.S.C. § 932(a).... *See Potomac Electric Co. v. Director, OWCP,* 449 U.S. 268, 278 n. 18 [101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446] (1980). Thus the BRB's interpretations of the statutes and regulations that control its decisions are "not entitled to any special deference from the courts." *Potomac,* 449 U.S. at 278 n. 18 [101 S.Ct. at 514 n. 18]. But, because the Director is the Secretary's delegate with respect to the Black Lung Act, we will generally defer to his interpretation of the Secretary's regulations under it unless it is " 'plainly erroneous or inconsistent with the regulation.' " *Udall v. Tallman,* 380 U.S. 1, 16–17 [85 S.Ct. 792, 801–02, 13 L.Ed.2d 616] (1965) (quoting *Bowles v. Seminole Rock Co.,* 325 U.S. 410, 413–14 [65 S.Ct. 1215, 1217, 89 L.Ed. 1700] (1945)).

*Bethlehem Mines,* 766 F.2d at 130.

Congress' desire to eliminate benefits to survivors of those who died from causes unrelated to pneumoconiosis does not mandate denial of benefits to survivors of those whose deaths were hastened by the disease. The Director's determination that any condition that actually hastens death is a substantially contributing cause of death within the meaning of the regulation is not plainly erroneous or inconsistent with the regulation. Furthermore, the Director's interpretation of the regulation is consistent with the remedial purposes of the Act. *See Carozza v. United States Steel Corp.,* 727 F.2d 74, 78 (3d Cir.1984). We thus conclude that the Board erred as a matter of law in failing to interpret the regulatory language "substantially contributing cause" to encompass the situation where pneumoconiosis actually hastened the miner's death.

### III.

For the reasons set forth above, we will grant the joint motion of the Director and Lukosevicz and remand this case to the Board with direction that it vacate its order and remand the case to the Deputy Commissioner, Division of Coal Mine Workers' Compensation, Office of Workers' Compensation Programs, for immediate payment of benefits.

Each party to bear its own costs.