974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cora SPARKS, widow of Elmer Sparks, Petitioner,
v.
Director, OFFICE OF WORKERS' COMP. Programs, United States
Department of Labor, Respondent.
 No. 91-1206.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 26, 1992
Decided: September 1, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (89-256-BLA)
 Cora Sparks, Petitioner Pro Se.
 Michael John Denney, Rodger Pitcairn, United States Department of Labor, Washington, D.C., for Respondent.
 Ben. Rev. Bd.
 Vacated and Remanded.
 Before WIDENER, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This is a surviving spouse's claim for benefits filed on July 14, 1988, pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (West 1986 & Supp. 1992). The Department of Labor initially denied benefits and the claim was referred to an administrative law judge (ALJ). After a formal hearing, the ALJ issued a decision and order awarding benefits. The Director of the Office of Workers' Compensation Programs (Director) appealed to the Benefits Review Board (Board). The Director specifically challenged the ALJ's finding that pneumoconiosis was a substantially contributing factor leading to the miner's death. The Board found the record devoid of evidence supporting the ALJ's conclusion and therefore reversed. This appeal followed. We remand for further examination of whether pneumoconiosis was a contributing cause of the miner's death under the standard announced in Shuff v. Cedar Coal Co., F.2d, No. 91-2572 (4th Cir. June 18, 1992).
 
 
 2
 To establish an entitlement to benefits under the Act, a claimant must prove the existence of pneumoconiosis, that such pneumoconiosis arose out of coal mine employment, and that such pneumoconiosis is a cause of the miner's total disability or death. See Sharpless v. Califano, 585 F.2d 664 (4th Cir. 1978). We must uphold the Board's order if it is supported by "substantial evidence in the record considered as a whole." Wilson v. Benefits Review Bd., 748 F.2d 198, 199200 (4th Cir. 1984) (quoting 33 U.S.C. § 921(b)(3) (1988) as incorporated by 30 U.S.C. § 932(a) (1988)).
 
 
 3
 It is undisputed that the miner suffered from pneumoconiosis and that the disease arose out of coal mine employment. The sole issue raised in the Director's appeal to the Board was the causal link between pneumoconiosis and the miner's death. The only evidence directly bearing on the cause of the miner's death was the autopsy report, the death certificate, and the report of Dr. Naeye, a Department of Labor consultant.
 
 
 4
 The autopsy report noted the existence of interstitial fibrosis, chronic bronchitis, and emphysematous disease, and concluded only that any of these diseases might have contributed to the miner's chronic obstructive pulmonary disease. The report also stated that other causes may have contributed to the miner's respiratory failure, including indications that Sparks had been a smoker for many years.[1] The report did conclude that the miner had "subpleural and intraparenchymal anthracosis with moderate fibrotic reaction," but did not comment on whether this disease contributed to the miner's death.
 
 
 5
 The death certificate noted cardiorespiratory arrest due to squamous cell metastatic carcinoma of the lungs as the cause of death. The certificate also listed chronic obstructive pulmonary disease as contributing to death "but not related to the terminal disease condition" stated as the immediate cause of death. There was no specific mention of pneumoconiosis.
 
 
 6
 Dr. Naeye's report, which was based on an examination of slides of tissue from the autopsy, was the only one which discussed the relationship between the miner's pneumoconiosis and his death. The report stated:
 
 
 7
 A very mild simple coal worker's pneumoconiosis is present. It is characterized by the presence of a number of small anthracotic deposits with accompanying mild fibrosis and a few tiny birefringent crystals. Assuming that the lung sections provided for my review are representative of the lungs as a whole this pneumoconiosis is far too mild to have prevented this man from doing any type of work in the coal mining industry. It is also far too mild to have made even a minor contribution to his death. The centrilobular and panacinar emphysema that are present cannot be attributed to occupational exposure mining coal because the ALFORD scientists have shown that US coal miners, including those with simple coal workers' pneumoconiosis, have no more emphysema than non-miners....
 
 
 8
 The ALJ characterized Dr. Naeye's conclusion as a"far-reaching assumption," and stated in his decision awarding benefits:
 
 
 9
 The Court cannot understand how the level of pneumoconiosis present in 1973 and described as a restrictive impairment could either diminish or entirely disappear during the passage of years until the miner's death in 1988 when it is known as an established fact that pneumoconiosis is a progressive disease and is not reversible.
 
 
 10
 He also noted that Dr. Naeye explicitly based his finding on the assumption that the slide samples reviewed were representative of the lungs as a whole.
 
 
 11
 The 1973 report to which the ALJ referred was based on a chest X-ray which revealed opacities in all six lung zones read as UICC Category 2/3 pneumoconiosis.[2] In addition, the 1975 ventilatory and blood gas studies established a chronic respiratory disease with slight to moderate restrictive impairment qualifying the miner for black lung benefits under the social security standards then in effect.
 
 
 12
 The ALJ chose to credit the earlier X-rays, ventilatory studies, blood gas studies, and medical opinions over Dr. Naeye's review of the autopsy report and slides, and found that Sparks had a moderate level of pneumoconiosis. The ALJ's discrediting of Dr. Naeye's finding that Sparks had only very mild pneumoconiosis led him also to discredit Dr. Naeye's finding that the pneumoconiosis was too mild to have made even a minor contribution to death. The ALJ inferred that the moderate level of pneumoconiosis present during the terminal period of the miner's life had a debilitating and exacerbating effect upon the miner's ability to survive, especially with the additional invasion of cancer upon an already weakened lung function. He therefore found that pneumoconiosis was a substantially contributing factor in the miner's death. 20 C.F.R. § 718.205(c)(2) (1991).
 
 
 13
 The Board rejected the ALJ's finding that the miner's pneumoconiosis was a substantially contributing cause of his death. In doing so, it found credible Dr. Naeye's conclusion that pneumoconiosis was too mild to have contributed to the miner's death. However, we must defer to the factual findings of the ALJ where those findings conflict with those of the Board, unless the findings are not supported by substantial evidence or rest on an error of law. See Cline v. Beatrice Pocahontas Coal Co., 802 F.2d 1524, 1527 (4th Cir. 1986). The Board and the reviewing court are also obliged to defer to the inferences of the ALJ where those inferences are based upon substantial evidence. Peabody Coal Co. v. Benefits Review Bd., 560 F.2d 797, 802 (7th Cir. 1977).
 
 
 14
 There was no error in the ALJ giving greater weight to the earlier evidence over Dr. Naeye's report. Cf. Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49 (4th Cir. 1992) ("later evidence is better" rule does not apply where later evidence shows less disease). There was also no error in the ALJ's choosing, instead, to weigh the medical evidence and draw his own inferences. See Markus v. Old Ben Coal Co., 712 F.2d 322, 326 (7th Cir. 1983) (an ALJ is not bound to accept a doctor's opinion); Trujillo v. Kaiser Steel Corp., 8 Black Lung Rep. (MB) 1-472 (Ben. Rev. Bd. Feb. 24, 1986) (ALJ did not err in determining that doctor's opinion on causation was entitled to no weight because its underlying premise, that the miner did not have pneumoconiosis, was inaccurate). Moreover, we recently adopted the view that "pneumoconiosis substantially contributes to death if it serves to hasten death in any way." Shuff v. Cedar Coal Co., F.2d, No. 91-2572, slip op. at 4 (4th Cir. June 18, 1992) (adopting standard set forth in Lukosevicz v. Director, Office of Workers' Compensation Programs, 888 F.2d 1001 (3d Cir. 1989)). This standard for establishing causation is consistent with that applied by the ALJ. In light of the clarification of the standard in Shuff, we remand to the Board to reconsider whether the ALJ erred as a matter of law and for further examination of whether pneumoconiosis served to hasten the miner's death.
 
 
 15
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Sparks disputed that he was a long-time smoker
 
 
 [2]
 This report is not completely legible, and can be read as either Category 2/3 or Category 2/2 pneumoconiosis