

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2002

# Florence Mining Co v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Florence Mining Co v. Director OWCP" (2002). *2002 Decisions*. Paper 361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 01-3752
_____

THE FLORENCE MINING COMPANY,

                                        Petitioner

v.

MARY MACHAK (Widow of Albert Machak);
    DIRECTOR, OFFICE OF WORKERS'
        COMPENSATION PROGRAMS,
  UNITED STATES DEPARTMENT OF LABOR,

                                        Respondents

_____

On Appeal from the Benefits Review Board
        U.S. Department of Labor
            BRB #00-0610BLA
_____

Argued April 22, 2002
Before:  SCIRICA, RENDELL and NOONAN*, Circuit Judges,

        (Filed   June 14, 2002)
_____

                        George H. Thompson, Esq.
                        Gregory J. Fischer, Esq.    [ARGUED]
                        Thompson, Calkins & Sutter
                        437 Grant Street, Suite 510
                        Pittsburgh, PA  15219
                          Counsel for Petitioner

_____

*Honorable John T. Noonan, Jr., Circuit Judge of the United States Court of Appeals for
the Ninth Circuit, sitting by designation.

                        Blair V. Pawlowski, Esq.
                        Heath M. Long, Esq.
                        Pawlowski, Bilonick & Long
                        603 North Julian Street
                        P.O. Box 658
                        Ebensburg, PA  15931

                        Margarete E. Pawlowski, Esq.     [ARGUED]
                        1515 Arch Street, 15th Floor
                        Philadelphia, PA  19102
                          Counsel for Respondent Mary Machak,
                          (Widow of Albert Machak)

                        Helen H. Cox, Esq.
                        Christian P. Barber, Esq.
                        United States Department of Labor
                        Office of the Solicitor
                        200 Constitution Avenue, N.W.

Suite N-2117
Washington, DC  20210
  Counsel for Respondent Director,
  Office of Workers' Compensation Programs

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Petitioner, The Florence Mining Co., complains of the Benefits Review Board's award in favor of deceased coal miner Albert Machak's widow, Mary Machak.  Petitioner contends that the Administrative Law Judge ("ALJ") failed to comply with the directives of the Benefits Review Board's remand order and that the ALJ also erred by relying on opinions by certain of the doctors, but not others.

As this claim arises under the Federal Coal Mine Health and Safety Act, 30 U.S.C. 901 et seq, we have jurisdiction pursuant to  21(c) of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C.  921(c), as incorporated by  422(a) of the Federal Coal Mine Health and Safety Act, 30 U.S.C.  932(a).

We review the Benefits Review Board's decision for legal errors and adherence to its statutory scope of review.  Nelson v. American Dredging Co., 143 F.3d 789, 792 (3d Cir. 1998).  We review the Benefits Review Board's factual findings for substantial evidence by conducting an independent review of the record.  Id. at 793.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations omitted).

A brief review of the facts is in order.  Albert Machak was employed in the coal mining industry for 46 years.  He retired from the mines in 1983 and died in 1996, having been diagnosed with cancer just prior to his death.  He had smoked five cigarettes per day for 15 years, but had stopped smoking 30 years before his death.  It was uncontroverted that Machak died of pulmonary thromboembolism.  An autopsy was performed by Dr. Waheeb Rizkalla, who diagnosed Machak as well with simple coal worker's pneumoconiosis, focal dust emphysema, metastatic adenocarcinoma, atherosclerotic coronary artery disease, right ventricular hypertrophy (cor pulmonale), and a history of pancreatic adenocarcinoma.  Rizkalla testified that the coal worker's pneumoconiosis was a contributing cause of Machak's death.  Reports or depositions of other physicians (Drs. Perper, Schaaf, Mittal, Fino, Sinnenberg, Oesterling) were also submitted by the parties.

A hearing was held before the ALJ in March 1998.  Relying on the opinions of Drs. Rizkalla, Mittal and Schaaf, and rejecting the opinions of Drs. Perper, Fino, Sinnenberg, and Oesterling, the ALJ determined that the death was caused by, contributed to, or hastened by the coal worker's pneumoconiosis, meeting the standards set forth at 20 C.F.R.  718.205 and our decision in Lukosevic v. Director, Office of Workers' Compensation Programs, 888 F.2d 1001, 1006 (3d Cir. 1989).  The petitioner filed an appeal, and the Benefits Review Board remanded the case to the ALJ for reconsideration of the relevant medical evidence of record.  On remand the ALJ, again relying on the same medical opinions as before, issued a decision awarding benefits, and on appeal to the Benefits Review Board, this ruling was affirmed.  A dissenting opinion was issued by Administrative Appeals Judge Regina C. McGranary.

Petitioner challenges the ALJ's compliance with the initial remand order of the Benefits Review Board.  That order took issue with the ALJ's having accorded greater weight to the opinion of the autopsy prosector than to the opinions of others who did not have the benefit of examining the miner's lungs.  The matter was remanded so that the ALJ could reconsider the relevant medical opinion evidence without affording weight depending upon whether the doctors saw the decedent's lungs, the slides, or neither.  On remand, the ALJ specifically reviewed the opinion of each doctor without considering this aspect.  In the process, the ALJ continued to find Dr. Rizkalla's opinion to be entitled to greater weight:

First, Dr. Rizkalla's opinion is well reasoned and well-documented. Clark v. Karst-Robbins Coal Co., 12 B.L.R. 1-149 (1989) (en banc). Specifically, Dr. Rizkalla not only conducted the autopsy, but also

conducted a thorough record review, taking into consideration the Miner's extensive coal mining history and pneumoconiosis as well as his many other medical problems which ultimately contributed to his death.

The ALJ also credited the opinions of Drs. Schaaf and Mittal, while at the same time stating failings he found in the opinions of Drs. Fino, Sinnenberg, and Perper. The ALJ had found Oesterling's opinion to be well-reasoned and well documented, and entitled to greater weight, although Oesterling found that the pneumoconiosis was not severe enough to have caused the miner's death. After explaining why he accepted, or did not accept, these opinions, he weighed the relevant medical opinion evidence and found "by a preponderance of the evidence that the miner's death was caused, contributed to, or hastened by pneumoconiosis." As we noted above, the Benefits Review Board affirmed.

Examining the relevant opinions, it is clear that the ALJ did in fact re-weigh the medical opinion evidence, as ordered by the Benefits Review Board. That the ALJ complied with that order is further borne out by the Benefits Review Board's affirmance of the ALJ's opinion.

In affirming the ALJ, the Benefits Review Board noted:

We affirm the Administrative Law Judge's determination to credit the opinion of Drs. Rizkalla, Schaaf, and Mittal, as they constitute substantial evidence to support a finding of death due to pneumoconiosis pursuant to section 218.205(c)(2) (2000). In so doing, the Benefits Review Board rejected the petitioner's assertion that the ALJ had "improperly discounted, as poorly explained" the opinions of Sinnenberg, Fino and Perper.

While the petitioner protests that it is not asking for us to re-weigh the medical evidence, that is in effect what is suggested. The ALJ, and the Benefits Review Board, accepted opinions from doctors who linked the pulmonary emboli with the miner's pulmonary disease and cor pulmonale, and rejected the opinions of those who found no such link. We have no basis upon which to decide for ourselves which opinions are entitled to greater weight, as our standard of review is confined, as discussed above, to "substantial evidence." The opinions relied upon by the ALJ and by the Benefits Review Board appear to be complete, thorough, and well documented. We are not at liberty to critique them, but, instead, are compelled to find that, measured against the standard that is applicable, they constitute substantial evidence.

Accordingly, we will affirm the order of the Benefits Review Board.

Florence Mining v. Machak, 01-3752
Judge Noonan, dissenting:

The evidence offered to support the award in this case is the opinion of the doctor doing the autopsy, an opinion in which Drs. Schaaf and Mittal in conclusory fashion agreed. We do not weigh the evidence. But in this case, Dr. Rizkalla's opinion was shot full of holes. Administrative Appeals Judge McGranery has already commented on the inadequacy of the administrative law judge's review of the record. Drs. Oesterling and Sinnenberg noted that Dr. Rizkalla's own autopsy report indicated that both sides of Machak's heart showed thickening, not just the right side, as would be characteristic of cor pulmonale. Drs. Fino and Perper noted that Machak showed none of the clinical manifestations of cor pulmonale which would lead to the formation of blood clots, such as enlargement and dilation of the neck veins, swelling of the legs, abnormal heart sounds, and bed confinement. In contrast to the qualified opinion offered by Dr. Rizkalla, these four experts stated strongly that Machak died of a pulmonary embolism and that coal

workers' pneumoconiosis in no way contributed to Machak's death.  Because these four experts provided unrebutted testimony as to why the theory of petitioner's primary authority is wrong, I would find that the order of the Benefits Review Board is not supported by substantial evidence, and I respectfully dissent. _____

TO THE CLERK OF COURT:

    Please file the foregoing Not Precedential Opinion.

/s/ Marjorie O. Rendell
Circuit Judge