

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2004

# Safko v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Safko v. Director OWCP" (2004). *2004 Decisions.* Paper 256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4314

HELEN M. SAFKO,

Petitioner

v.

DIRECTOR Office Workers' Compensation Program,
United States Department of Labor,

Respondent

ON APPEAL FROM AN ORDER OF THE BENEFITS REVIEW BOARD,
UNITED STATES DEPARTMENT OF LABOR

(Benefits Review Board No. 03-0120)
Per Curiam Decision

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2004
(Filed: October 5, 2004)

Before: ALITO, AMBRO, and FISHER, <u>Circuit Judges</u>

_____

OPINION OF THE COURT

John Safko, a coal miner with pneumoconiosis ("black lung disease"), died on January 25, 2000, of a heart attack. His wife, Helen Safko, applied for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq. The District Director of the United States Department of Labor denied the claim because Ms. Safko failed to prove that her husband's death was due to black lung disease. An Administrative Law Judge ("ALJ") affirmed this denial, which was upheld by an appellate panel of the Department of Labor's Benefits Review Board ("Board"). Ms. Safko argues that the District Director's finding, the ALJ's affirmance, and the Board's affirmance were all in error.

The sole issue on appeal is whether Mr. Safko's death was due to black lung disease, as required for survivor's benefits under 20 C.F.R. § 718.205(a) (2004). We examine the Board's decision for errors of law, and we look directly to the ALJ's decision to confirm wither it was supported by substantial evidence, considering the record as a whole. Mancia v. Director, OWCP, 130 F.3d 579, 584 (3d Cir. 1997); Kowalchick v. Director, OWCP, 893 F.2d 615, 619 (3d Cir. 1990). Substantial evidence is more than a mere scintilla. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

To receive survivor's benefits under the Act, Ms. Safko must prove by a preponderance of the evidence that black lung disease was a "substantially contributing cause" of her husband's death. 20 C.F.R. 718.205(c)(5). Any condition that actually

hastens the miner's death, even briefly, qualifies as a "substantially contributing cause." Lukosevicz v. Director, OWCP, 888 F.2d 1001, 1005 (3d Cir. 1989). The ALJ found – and the Board agreed – that Ms. Safko did not meet this burden because the record as a whole did not show that black lung disease hastened her husband's death. We agree.

Five doctors opined on the cause of Mr. Safko's death. Three (Drs. Conaboy, Tracy, and Levinson) found that black lung disease was a contributing cause, while two (Drs. Koval and Sherman) found that it was not. The ALJ scrutinized each opinion and found that the opinions in favor of black lung disease as a contributing cause were entitled to little weight, whereas those stating that Mr. Safko died solely because of heart failure were reasoned and well-documented. On this basis, the ALJ found that "the medical evidence as a whole fails to support a finding that the miner's death was due to black lung disease." 18A. This conclusion was reasonable and supported by substantial evidence based on the record as a whole.

Dr. Patrick Conaboy, attending physician at the time of Mr. Safko's death and for the previous five years, offered a number of reports on Mr. Safko, most of which never discussed black lung disease. The report he prepared during Mr. Safko's last hospitalization three weeks before his death does not mention black lung disease. However, on the death certificate and in a letter nearly six months after Mr. Safko's death, Dr. Conaboy asserted without explanation that black lung disease contributed to Mr. Safko's illness and death. The ALJ found these conclusory statements entitled to

"little if any weight." 16A. This decision was reasonable. "The ALJ may disregard a medical opinion that does not adequately explain the basis for its conclusion." Lango v. Director, OWCP, 104 F.3d 573, 578 (3d Cir. 1997).

Dr. Gerald Tracy issued a report during Mr. Safko's last hospitalization listing nine different diagnoses, none of which were black lung disease. Like Dr. Conaboy, he sent a short letter six months after Mr. Safko's death asserting that there was a direct connection between Mr. Safko's black lung disease and his heart disease. This opinion was based on the theory that black lung disease leads to shortness of breath and lower blood-oxygen levels, which would "jeopardize any patient's heart who has a pre-existing coronary disease." 84A. The ALJ found this general conclusion "problematic" because it was based on a "broad unestablished concept" rather than on "the miner's own specific conditions." 17A. This decision was also rational. Because heart disease also leads to shortness of breath and lower blood-oxygen levels, Mr. Safko's symptoms may have been due entirely to heart disease, rather than black lung disease.

Dr. Sander Levinson reviewed the medical evidence in the record and issued a report explaining why he thought Mr. Safko's black lung disease contributed to his death. The opinion assumed without foundation that Mr. Safko's lung condition contributed to his hypoxemia (shortage of oxygen in the blood). This is the same broad, unjustified conclusion found in Dr. Tracy's letter, and the ALJ once again found it "problematic" because the hypoxemia might have been "wholly caused by the miner's coronary

4

condition." 17A. Accordingly, the ALJ accorded the report "diminished weight." 18A.

On its own, the ALJ's conclusion to give Dr. Levinson's report little weight is reasonable. But in this case, the ALJ's decision is bolstered by the opinion of another doctor. Dr. Michael Sherman also reviewed the medical record and found "no evidence that Mr. Safko had significant hypoxemia from his black lung disease prior to his developing congestive heart failure." 80A. Accordingly, he concluded that "Mr. Safko suffered a huge heart attack that was caused by his underlying coronary artery disease. This would have occurred irrespective of the presence of coal workers' black lung disease." 21A. Dr. Sherman considered and refuted Dr. Levinson's report. Id. The ALJ chose to rely on this reasoned and documented analysis, rather than the flawed and conclusory opinions of the other three doctors. The ALJ's careful assessment of competing medical opinions is enough to persuade a reasonable mind that Mr. Safko's death was not hastened by his black lung disease. It follows that the ALJ's decision was supported by substantial evidence, considering the record as a whole. The Board's order is therefore AFFIRMED.