

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2006

# Dudash v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dudash v. Director OWCP" (2006). *2006 Decisions.* Paper 1620.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1620

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3025

HELEN DUDASH
(Widow of Michael Dudash, Jr.),

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR

On a Petition for Review of an Order
of the Benefits Review Board
(No. 04-698 BLA)

Submitted Under Third Circuit LAR 34.1(a)
February 7, 2006
Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed February 8, 2006)

OPINION OF THE COURT

PER CURIAM

Helen Dudash seeks review of a decision of the Benefits Review Board ("Board")

affirming an Administrative Law Judge's ("ALJ") decision to deny her survivor's

benefits under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901-945. Under the BLBA, Mrs. Dudash is entitled to survivor's benefits only if her husband's death was "due to pneumoconiosis."[1] See 30 U.S.C. § 901(a). Mrs. Dudash bears the burden of proving this by a preponderance of the evidence. See Dir., OWCP v. Greenwich Collieries, 512 U.S. 267, 277-78 (1994). Mrs. Dudash can sustain her burden by showing that pneumoconiosis was the cause or a "substantially contributing cause" of her husband's death or that the death was caused by complications of pneumoconiosis. See 20 C.F.R. § 718.205(c)(1),(2). Pneumoconiosis is a "substantially contributing cause" of death if it actually hastens death. Lukosevicz v. Dir., OWCP, 888 F.2d 1001, 1006 (3d Cir. 1989). The ALJ denied Mrs. Dudash's claim, determining that the evidence in the record did not support a finding that Mr. Dudash's pneumoconiosis was a contributing cause of his death. Mrs. Dudash appealed to the Board, which affirmed the ALJ's decision on April 15, 2005.

We have jurisdiction over this petition for review under section 422(a) of the BLBA, which incorporates section 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c). See Shendock v. Dir., OWCP, 893 F.2d 1458, 1459 n.1 (3d Cir. 1990) (en banc). We review the Board's decision for errors of law as well as for whether it has adhered to its scope of review. Mancia v. Dir., OWCP, 130

---

[1]Pneumoconiosis, also known as "Black Lung Disease," is defined as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. § 902(b).

F.3d 579, 584 (3d Cir. 1997). We also review the record to decide whether the ALJ's findings are supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Mrs. Dudash's husband, Michael Dudash, Jr., worked as a coal miner for 40 years and was diagnosed with pneumoconiosis in connection with this work. Mr. Dudash's first living miner claim for BLBA benefits was denied, but he was awarded benefits in 1990. Mr. Dudash died at the age of 78 on July 10, 2000, and Mrs. Dudash subsequently filed this claim for survivor's benefits. After her claim was denied by the District Director, her request for a formal hearing before an ALJ was granted and a hearing was held on January 13, 2004. At the hearing, both parties presented documentary evidence, and Mrs. Dudash testified. Mrs. Dudash's documentary evidence consisted of the medical opinions and curricula vitae of Drs. Carl Bemiller and Stephen Swain, Mr. Dudash's treating physicians during the 10 years preceding his death. Respondent presented numerous exhibits, including copies of Mr. Dudash's medical and hospitalization records dating back to the early 1980's, the death certificate, and a medical opinion from Dr. Michael Sherman stating that, based on his review of the medical records, there was no evidence that pneumoconiosis contributed to Mr. Dudash's death. None of the three physicians testified at the hearing.

Mrs. Dudash argues that the ALJ erred by failing to accord controlling weight to the treating physicians' opinions. Under 20 C.F.R. § 718.104(d), an ALJ is required to consider the relationship between the miner and any treating physician whose report is in

3

the record.  In considering this relationship, an ALJ must consider the nature and duration of the relationship, and the frequency and extent of treatment.  See 20 C.F.R. § 718.104(d)(1)-(d)(4).  Further, an ALJ may give controlling weight to the opinion of a treating physician in appropriate cases.  See id. at § (d)(5).  However, such controlling weight is not automatically given, as the ALJ must also consider "the credibility of the physician's opinion in light of its reasoning and documentation, other relevant evidence and the record as a whole."  See id.

In her decision, the ALJ acknowledged the relationship between Mr. Dudash and Drs. Bemiller and Swain and considered all of the factors given in § 718.104(d).  The ALJ declined to accord great weight to either doctor's opinion, however, because she found the opinions conclusory, insufficiently reasoned, and not well-documented.  The ALJ also found contrary probative evidence in the record which suggested Mr. Dudash's long-standing heart problems, rather than his pneumoconiosis, as a possible reason for his death.

An ALJ must accept the documented opinion of a physician exercising reasoned medical judgment.  Mancia v. Dir., OWCP, 130 F.3d 579, 588-89 (3d Cir. 1997).  A medical opinion need not be expressed in terms of a "reasonable medical certainty" in order to qualify as a "reasoned medical judgment.  See id. at 588.  However, a mere statement of conclusion, without an explanation as to its basis, does not constitute "reasoned medical judgment."  See Lango v. Dir., OWCP, 104 F.3d 573, 577 (3d Cir. 1997).  Dr. Bemiller's one-page opinion reads, in pertinent part:

Mr. Dudash Jr. had a long history of working in the coal mines for many years. He later became symptomatic with shortness of breath secondary to Black Lung Disease (Pulmonary Anthrasilicosis) which also aggravated his Coronary Artery Atherosclerosis. Obviously the Coal Workers Pneumoconiosis contributed to his poor health of many years duration and to his death.

This opinion correctly states the undisputed fact that Mr. Dudash suffered from pneumoconiosis. However, the opinion provides no explanation for its conclusion that pneumoconiosis contributed to Mr. Dudash's death. We agree with the ALJ's determination that this opinion is conclusory and is not entitled to controlling weight.

Dr. Swain's opinion includes more of Mr. Dudash's medical history but does not fare any better. The ALJ found this opinion vague as to whether Mr. Dudash's pneumoconiosis hastened his death and declined to give it significant weight. The opinion relates some of Mr. Dudash's heart problems and notes that he "continued to have marked dyspnea and difficulty breathing until the time of his death, all of which were hastened by his severe lung disease." As noted by the ALJ, the phrasing of this statement makes it unclear whether the lung disease hastened the dyspnea and breathing difficulties or hastened the death. Even if read in the latter fashion, however, we agree with the ALJ that this unsupported conclusory statement fails to qualify as "reasoned medical judgment." See Lango, 104 F.3d at 577. While Dr. Swain's opinion refers to medical records which could be retrieved, "[i]f there is anything objectively that needs to be detailed," it does not cite to particular records supportive of the conclusion that

5

pneumoconiosis contributed to Mr. Dudash's death.  <u>See</u> Respondent's Supp. App. at 28. We agree with the Board that the ALJ did not err in declining to give controlling weight to the opinions of Drs. Bemiller and Swain.

The ALJ credited Dr. Sherman's opinion over that of Drs. Bemiller and Swain, finding it well-reasoned and supported by the medical evidence in the record.  The ALJ also determined that Dr. Sherman's credentials as a Board-certified pulmonologist entitled his opinion to additional weight.  Mrs. Dudash argues that the ALJ erred in weighing Dr. Sherman's opinion more heavily than the opinions of Drs. Bemiller and Swain, asserting, among other things, that Dr. Sherman had never examined her husband. Mrs. Dudash further claims that Dr. Sherman's opinion was not any better reasoned or supported than those of the treating physicians, and that the ALJ erred in finding sufficient "contrary probative evidence" in the record to counteract the treating physicians' opinions.  Other than observing that Dr. Sherman's opinion, on its face, addresses more of the medical evidence in the record, we decline to compare the various strengths and weaknesses of the competing opinions, as such comparison is unnecessary to the resolution of this case.  It is the ALJ's responsibility, as fact finder, to assess whether a report is sufficiently documented and reasoned.  <u>See</u> <u>Jericol Mining Inc. v. Napier</u>, 301 F.3d 703, 712 (6th Cir. 2002) (evaluation of a physician's report is essentially a credibility matter for the fact finder to decide).  We see no error in the ALJ's assessment of Dr. Sherman's opinion, but even if we did, such error would be harmless.  <u>See</u> <u>Freeman United Coal Mining Co. v. Cooper</u>, 965 F.2d 443, 449 (7th Cir. 1992).

6

Regardless of the weight given to Dr. Sherman's opinion, Mrs. Dudash failed to carry her burden of proving, by a preponderance of the evidence, that pneumoconiosis either caused or contributed to her husband's death. See Greenwich Collieries, 512 U.S. at 277-78.

Mrs. Dudash stresses that her husband's death certificate listed pneumoconiosis as an underlying cause of death and argues that the ALJ erred by according the death certificate no weight. See Informal Brief at 5. We have held that death certificates on their own, without supporting testimony or documentary or physical evidence derived from an autopsy, do not constitute reliable evidence on the question whether pneumoconiosis played a role in the death. See Lango, 104 F.3d at 576-77; Mancia, 130 F.3d at 587; Hillibush v. U.S. Dept. Of Labor, 853 F.2d 197, 204 (3d Cir. 1988). Mr. Dudash's death certificate lists "Cardiac Arrythmia with Cardiorespiratory Arrest" as the immediate cause of death and "Cardomyopathy" and "Coal Worker's Pneumoconiosis" as underlying causes. The ALJ accorded no weight to the death certificate despite the inclusion of pneumoconiosis, because no rationale was provided for this inclusion, the death certificate was not signed by a medical doctor, and no autopsy was performed. As noted by the ALJ, although the medical records contain numerous references to Mr. Dudash's lung conditions, including pneumoconiosis, nothing in those records supports a conclusion that the pneumoconiosis contributed to or hastened his death. Moreover, neither the treating physicians' opinions nor Mrs. Dudash's informal brief point to any specific information in the record to support such a conclusion. Given the lack of

7

supporting evidence in the record, we hold that the ALJ did not err in declining to accord any weight to the death certificate.

After a careful review of the briefs and the record, we hold that the ALJ properly and thoroughly evaluated all of the relevant evidence in concluding that pneumoconiosis was not a substantially contributing cause of Mr. Dudash's death. As the ALJ's findings were supported by substantial evidence in the record, we hold that the Board properly deferred to these findings. Accordingly, we will deny the petition for review.