NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3376
_____

PATRICIA A. PADAGOMAS, Widow of and O/B/O Edward J. Padagomas,
Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,
Respondent
_____

On Petition for Review from an
Order of the Benefits Review Board,
United States Department of Labor
(Benefits Review Board No. 14-0011 BLA)
(Benefits Review Board No. 14-0020 BLA)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2015

Before: FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: August 28, 2015)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Patricia Padagomas petitions for review of the decision of the Benefits Review Board ("BRB") affirming the decision of the Administrative Law Judge ("ALJ"). The ALJ denied disability benefits pursuant to the Black Lung Benefits Act ("BLBA") for her husband's miner claim, as well as a survivor's claim benefitting Mrs. Padagomas. We will deny the petition for review.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Edward Padagomas worked in a coal mine in Pennsylvania between 1956 and 1959. He was a heavy cigarette smoker, though he quit approximately twenty years before his death. Mr. Padagomas had significant medical issues as he neared the end of his life. He had difficulty breathing, making it difficult for him to walk even short distances. Dr. Vinay Desai, at the Veterans' Hospital in which Mr. Padagomas was treated, listed his eventual cause of death as cardiac arrhythmia due to myocardial infarction. The death certificate listed pleural effusion, renal failure, congestive heart failure, and coronary artery disease as other factors leading to Mr. Padagomas's death.

Mr. Padagomas first filed for benefits via the Black Lung Disability Trust Fund in 2006. That claim was denied in February 2007. He filed a subsequent claim on September 2, 2008, and he died in October 2008 while that claim was pending. Mrs.

2

Padagomas, representing her late husband, requested a hearing and filed a claim of her own for survivor's benefits on November 3, 2008. Following a hearing, the ALJ denied both Mr. Padagomas's subsequent claim and Mrs. Padagomas's survivor's claim, holding that Mr. Padagomas did not have pneumoconiosis because x-ray evidence was inconclusive. The BRB affirmed parts of the ALJ decision, but reversed and remanded the ALJ's decision to discount the validity of the x-ray evidence. On remand, the ALJ held that Mr. Padagomas did, in fact, have clinical pneumoconiosis based on his re-examination of the x-ray evidence. After determining that Mr. Padagomas had pneumoconiosis, the ALJ then determined that the pneumoconiosis was due to Mr. Padagomas's coal-mine employment. The ALJ examined the medical opinions of Dr. Sander Levinson and Dr. Samuel Spagnolo, along with pulmonary function tests and arterial blood gas studies. Following her examination of the medical evidence, the ALJ held there was insufficient evidence to prove Mr. Padagomas was totally disabled due to pneumoconiosis and insufficient evidence to establish that pneumoconiosis caused or contributed to Mr. Padagomas's death. Therefore, the ALJ again dismissed both claims. The BRB affirmed the ALJ's decision. Mrs. Padagomas seeks review of the BRB's decision.

II.

The Department of Labor had jurisdiction in this case under 30 U.S.C. § 932(a).

The BRB had jurisdiction under 33 U.S.C § 921(b). We have jurisdiction under 33 U.S.C.

§ 921(c), as incorporated by 30 U.S.C. § 932(a). We exercise plenary review of the legal

conclusions made by the BRB.[1] We review the factual findings of the BRB to determine

if it properly adhered to its scope of review.[2] In order to do so, we independently review

the opinion of the ALJ to see if it is supported by substantial evidence.[3] Substantial

evidence is that which allows a reasonable mind to support a conclusion.[4]

### III.

### A.

First, we analyze whether the ALJ and the BRB properly denied benefits for Mr.

Padagomas's claim. Benefits under the BLBA are available to miners who prove they

suffer from total pulmonary disability.[5] A miner must also prove that he has

pneumoconiosis, that he contracted pneumoconiosis due to coal-mine employment, and

that he was disabled because of the pneumoconiosis.[6] The ALJ concluded that Mr.

Padagomas suffered from pneumoconiosis and that he contracted it due to coal-mine

employment. However, the ALJ concluded that any pulmonary disability was not due to

---

[1] *Soubik v. Dir., Office of Workers' Comp. Programs*, 366 F.3d 226, 233 (3d Cir. 2004).

[2] *Dir., Office of Workers' Comp. Programs v. Siwiec*, 894 F.2d 635, 638 (3d Cir. 1990).

[3] *Id.*

[4] *Soubik*, 366 F.3d at 233.

[5] 20 C.F.R. § 718.204(a)-(b).

[6] 20 C.F.R. §§ 718.201–.203; *Siwiec*, 894 F.2d at 636.

pneumoconiosis and therefore denied benefits. Mrs. Padagomas objects to the ALJ's

finding that there was not total disability due to pneumoconiosis, and the Director of the

Office of Workers' Compensation Programs ("OWCP") objects to the ALJ's finding that

Mr. Padagomas had pneumoconiosis to begin with. Because we agree with the ALJ that

Mr. Padagomas did not suffer from total disability due to pneumoconiosis, we need not

reexamine the ALJ's determination that Mr. Padagomas suffered from pneumoconiosis.

Total disability can be established in two ways. First, qualifying arterial blood gas

or pulmonary function tests can prove total disability.[7] Second, the reasoned judgment of

a medical professional based on clinical and laboratory techniques can prove that a

miner's pulmonary condition was totally disabling.[8] Mrs. Padagomas objects to the ALJ's

holding that the pulmonary function studies were not reliable. Mrs. Padagomas also

objects to the ALJ's rejection of Dr. Levinson's medical opinion that Mr. Padagomas

suffered from a total pulmonary disability. Additionally, Mrs. Padagomas argues that the

ALJ required a heightened burden of proof because the ALJ allegedly required a medical

opinion and arterial blood gas tests or pulmonary function tests in order to prove total

disability, when disability can be established in either of those two ways.

Dr. Levinson opined that a pulmonary function study conducted on September 27,

2006 by another doctor revealed impaired pulmonary function. Dr. Levinson believes this

---

[7] 20 C.F.R. § 718.204(b)(2)(i)-(ii).
[8] *Id.* § 718.204(b)(2)(iv).

5

study shows "that there was a moderate restrictive ventiliatory impairment."[9] However, Dr. Spagnolo concluded that this test was invalid because Mr. Padagomas did not provide sufficient effort and cooperation, and because the study was improperly performed. Dr. Levinson did not respond to Dr. Spagnolo's conclusion. Dr. Spagnolo's opinion that the test was invalid constitutes substantial evidence that a reasonable person could use to discount Dr. Levinson's opinion. Therefore, the ALJ's decision to discount the probative value of the pulmonary function study was based on substantial evidence.

Next, the ALJ questioned the reliability of the arterial blood gas study results that suggested impairment. Each of the three studies conducted between February 2006 and April 2007 occurred while Mr. Padagomas was suffering from acute medical issues including congestive heart failure. The ALJ therefore found that the tests did not reflect Mr. Padagomas's usual pulmonary condition. Dr. Levinson, who specifically cited at least one of the tests, did not provide any explanation as to the effect of illness on the tests, nor did he otherwise explain how he had isolated the effects of Mr. Padagomas's pneumoconiosis from his other maladies in rendering the opinion that Mr. Padagomas was disabled due to pneumoconiosis. In light of those shortcomings, the ALJ discounted Dr. Levinson's opinion. Because there was substantial evidence supporting that discounting—namely, that Dr. Levinson relied on invalid medical tests and failed to explain how he could determine that pneumoconiosis, rather than another medical

---

[9] App. at 6.

problem, caused Mr. Padagomas's disability—the ALJ properly concluded that Mrs.

Padagomas failed to establish total disability due to pulmonary disease.[10]

Finally, the ALJ did not apply a heightened standard by discounting Dr.

Levinson's opinion due to the unreliability of the tests. Dr. Levinson did not offer

evidence for total disability outside of the test results that were discounted by the ALJ.

Because Dr. Levinson's opinion was so reliant on the disputed testing, it was appropriate

to discount his opinion. Therefore, the decision to deny benefits on Mr. Padagomas's

claim was proper.

B.

Next, we analyze whether the ALJ and BRB properly denied benefits stemming

from Mrs. Padagomas's survivor's claim. Benefits from a survivor's claims are payable

when a miner's death is due to pneumoconiosis.[11] A death is considered due to

pneumoconiosis if pneumoconiosis is the sole cause of death, if it was a substantial factor

leading to death, or if a statutory presumption is applicable.[12] Pneumoconiosis is a

---

[10] *Balsavage v. Dir., Office of Workers' Comp. Programs*, 295 F.3d 390, 395 (3d Cir. 2002) (holding that if there is substantial evidence to support the ALJ's conclusion, we must affirm even if we may have interpreted the evidence differently).

[11] 20 C.F.R. §§ 718.1, 718.205.

[12] Mr. Padagomas was not diagnosed with complicated pneumoconiosis and no evidence suggests he suffered from complicated pneumoconiosis, so the statutory presumption of 20 C.F.R. § 718.304 does not apply. Because there is no applicable presumption, the burden rests on Mrs. Padagomas to establish pneumoconiosis as a cause of death.

substantial factor in a miner's death if it hastens the miner's death.[13] To determine if Mr. Padagomas's death was due to pneumoconiosis, the ALJ utilized the death certificate prepared by Dr. Desai and the medical opinions of Dr. Levinson and Dr. Spagnolo. The death certificate listed the cause of death as cardiac arrhythmia due to a myocardial infarction, and lists a variety of other contributing factors—none of which were pneumoconiosis. Dr. Spagnolo was of the opinion that Mr. Padagomas did not even have pneumoconiosis, and therefore it could not have been a contributing factor in his death. Finally, though Dr. Levinson opined that pneumoconiosis was a contributing factor in Mr. Padagomas's death, the ALJ discounted Dr. Levinson's opinion as meritless and conclusory. Mrs. Padagomas objects to this determination.

We are not persuaded that the ALJ erred in discounting Dr. Levinson's opinion. It is not sufficient for a physician to articulate a conclusion without offering an explanation for that conclusion.[14] Dr. Levinson stated that if Mr. Padagomas "hadn't had those coal dust accumulations, those speculated nodules in the upper lobes . . . he would have been able to somewhat better weather the storm caused by his heart disease."[15] Dr. Levinson, however, also acknowledged that Mr. Padagomas's death was caused by ischemic cardiomyopathy resulting in heart failure, and the pleural effusion, renal failure, and

---

[13] 20 C.F.R. § 718.205(b)(6); *Lukocsevicz v. Dir., Office of Workers' Comp. Programs*, 888 F.2d 1001, 1005 (3d Cir. 1989).

[14] *Lango v. Dir., Office of Workers' Comp. Programs*, 104 F.3d 573, 577 (3d Cir. 1997).

[15] App. at 9 (alteration in original).

longstanding diabetes also contributed to his death. After that acknowledgment Dr. Levinson still concludes that, "I am also of the opinion that [his] pneumoconiosis was a significant contributing and aggravating factor in the occurrence of his death."[16] Dr. Levinson also said that pneumoconiosis was a "contributing cause to [the miner's] cardiac arrhythmia and congestive heart failure."[17] Dr. Levinson's opinion is the only evidence provided linking pneumoconiosis to Mr. Padagomas's death. It was appropriate for the ALJ to conclude that Dr. Levinson's opinion was not persuasive due to its lack of explanatory power. Including the death certificate's failure to mention pneumoconiosis, and Dr. Levinson's insufficiently reasoned opinion, substantial evidence supports the ALJ's decision to deny Mrs. Padagomas's survivors' claim.

## IV.

For the reasons set forth above, we will deny the petition for review.

---

[16] App. at 9 (alteration in original).
[17] App. at 10 (alteration in original).