

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2006

# Miller v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4177

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Miller v. Director OWCP" (2006). *2006 Decisions.* Paper 1702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4177

_____

ELIZABETH E. MILLER,

Petitioner

v.

DIRECTOR, OWCP, United States Department of Labor

Respondent

_____

On Appeal from a Decision and Order
of the Benefits Review Board
(BRB No. 03-0819BLA)

_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: BARRY,  AMBRO and ALDISERT, Circuit Judges

(Filed:  January 30, 2006)

_____

OPINION

_____

AMBRO, Circuit Judge

In this black lung benefits claim, the administrative law judge (ALJ) discounted

the medical opinion of a miner's treating physician.  But—among other errors—the ALJ

incorrectly attributed the physician's opinion to the physician's father. Because the ALJ's consideration of this medical opinion was flawed, we vacate the decision and remand for a reexamination of the evidence.

## I. Factual Background and Procedural History

We are writing solely for the parties, so we provide a brief summary of the relevant facts.

Under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945, benefits are awarded to coal miners who are totally disabled due to pneumoconiosis or to the survivors of coal miners whose death is due to pneumoconiosis. Pneumoconiosis, commonly known as black lung, is a lung disease resulting from the inhalation of coal dust.

Elizabeth Miller is the widow of William Miller, a former coal miner. While he was alive, Miller filed a living miner's claim for benefits under the Act. His first claim, in August 1973, was denied. After his second claim, filed in March 1983, Miller was found totally disabled due to pneumoconiosis and entitled to benefits. He received benefits from 1983 until 2001.

Miller had used oxygen 24 hours a day, used a wheelchair, and slept downstairs because he could not go up his steps. He had been hospitalized several times in the last year of his life.

On October 7, 2001, Miller experienced shortness of breath and reported to the hospital emergency room. He did not respond to treatment and died the next day, October

2

8.[1]

Elizabeth Miller (for clarity, in this opinion we refer to her as "the claimant") filed this claim for survivor's benefits on October 15, 2001. Her claim was denied in May 2002, and she subsequently requested a formal hearing. The ALJ filed an opinion in August 2003 denying the claim; the claimant appealed. The Benefits Review Board affirmed the ALJ's decision in July 2004. Claimant petitions for review of the Board's decision.

## II. Jurisdiction and Standard of Review

The Benefits Review Board had jurisdiction over the appeal from the ALJ's decision under 33 U.S.C. § 921(b)(3), incorporated by reference into 30 U.S.C. § 932(a). We have jurisdiction over this case as an appeal from a final order of the Board under 33 U.S.C. § 921(c), also incorporated by reference into 30 U.S.C. § 932(a). This case is in our Court because Miller was a coal miner in Pennsylvania. *See* 30 U.S.C. § 932(a) (incorporating by reference the place-of-injury rule from 33 U.S.C. § 921(c)).

We "must decide whether the ALJ or the Benefits Review Board committed an error of law." *Lango v. Dir., OWCP*, 104 F.3d 573, 576 (3d Cir. 1997). We also must review the Board's decision to determine whether the Board adhered to its scope of review. *Mancia v. Dir., OWCP*, 130 F.3d 579, 584 (3d Cir. 1997). Therefore, we "must examine the entire record and determine if the ALJ's decision is supported by substantial

---

[1] The ALJ at least once incorrectly stated the date of his death as March 9. ALJ's Decision at 2.

evidence." *Id.*

### III. Discussion

Because the claimant filed for survivor's benefits, she is only entitled to benefits if she can prove, by a preponderance of the evidence, that Miller's death was due to pneumoconiosis. 20 C.F.R. § 718.1(a); *cf. Dir., OWCP v. Greenwich Collieries*, 512 U.S. 267, 277–78 (1994). This occurs if the disease caused or hastened—even briefly—his death. *Id.* § 718.205(c); *Lukosevicz v. Dir., OWCP*, 888 F.2d 1001, 1004–06 (3d Cir. 1989).

The ALJ determined that Miller's death was not due to pneumoconiosis. In making this determination, the ALJ evaluated Miller's death certificate, his medical treatment records, and medical opinions from three doctors. It is the ALJ's evaluation of the doctors' medical opinions that cause us to remand this case.

The three doctors who submitted medical opinions to the ALJ were Dr. Michael Sherman, Dr. Todd Banning,[2] and Dr. Dilliswar Sahoo. The ALJ did not commit an error of law by according little weight to Dr. Sahoo's opinion that Miller's pneumoconiosis significantly contributed to his death. Dr. Sahoo was treating Miller at the time of his death, but the doctor's opinion was conclusory and contained no medical evidence for support. An ALJ may reject a medical opinion "that does not adequately explain the basis for its conclusion." *Mancia*, 130 F.3d at 588 (internal quotation marks omitted).

---

[2] As discussed below, the ALJ incorrectly attributed Dr. Todd Banning's medical opinion to Dr. Richard Banning, his father. ALJ's Decision at 5.

4

The ALJ gave great weight to Dr. Sherman's report. Dr. Sherman never treated Miller but reviewed his death certificate and medical records. Dr. Sherman opined that pneumoconiosis was not a substantially contributing cause or factor in Miller's death and that pneumoconiosis did not hasten his death. Again, we see no error of law *per se* in giving weight to Dr. Sherman's opinion, as it was supported by medical evidence, although the fact that his opinion conflicts with that of Miller's treating physician makes it more difficult to say that his opinion should be controlling. *See Mancia*, 130 F.3d at 591 (noting hesitantly that "there may be situations where the nature of a non-treating physician's report is sufficient, in context with all the other evidence in the case, to support a conclusion that is contrary to the opinion of a treating physician").

Although the opinion of a miner's treating physician is entitled to special consideration, it does not automatically merit controlling weight. *See* 20 C.F.R. § 718.104(d); *Lango*, 104 F.3d at 577. The ALJ declined to grant the opinion of Dr. Banning, Miller's treating physician, controlling weight for several reasons. Based on our independent review of the record, we conclude that these reasons were flawed and not supported by substantial evidence.[3] Accordingly, we remand this case for further review.

The ALJ was either incorrect or mistaken on several aspects of Dr. Banning's medical opinion. First, the opinion was written by Dr. Todd Banning, not Dr. Richard

---

[3] Here we note that the Government in its brief called our attention to the flaws in the ALJ's opinion. While we wish that such errors had been caught before the case had stretched on so long, we applaud the Government's honesty and diligence in uncovering and disclosing them.

Banning. Dr. Richard Banning (Todd Banning's father) had treated Miller for some time during the 1970s. Then, in the last five years of Miller's life, Dr. Todd Banning became his treating physician, seeing him at least once a month.

Second, the ALJ stated that Dr. Banning was not Miller's treating physician at the time of Miller's death. Although Dr. Sahoo apparently cared for Miller on October 7 and 8, because Dr. Banning was away, the October 8 hospital discharge summary lists Dr. Banning as Miller's attending physician.

Third, the ALJ asserted that Dr. Banning's treatment records were not in evidence. But even the Director concedes that at least some of Dr. Banning's treatment records were in evidence (in Director's Exhibits 5 and 6).

Fourth, the ALJ found that Dr. Banning agreed with Dr. Sherman on Miller's primary and secondary causes of death. Dr. Banning listed Miller's causes of death as (1) acute non-transmural myocardial infarction, (2) acute on-chronic right heart failure secondary to cor pulmonale, (3) pneumoconiosis, and (4) acute on-chronic renal failure. Dr. Sherman's opinion was that the two causes of Miller's death were (1) myocardial infarction and (2) underlying coronary artery disease. But cor pulmonale and coronary artery disease are two different conditions. *Compare The Merck Manual of Diagnosis and Therapy* 1702 (Mark H. Beers & Robert Berkow eds., 17th ed. 1999) (describing cor pulmonale as a heart disease usually caused by lung disorders), *with id.* at 1658–59 (describing coronary artery disease as most often caused by plaque deposits in the arteries). *See generally Mancia*, 130 F.3d at 585–86 (discussing the causes of cor

6

pulmonale and its links with pneumoconiosis); *id.* at 591 (discussing physicians'
testimony that coronary artery disease is not related to pneumoconiosis).

Claimant asks us to reverse the ALJ and the Benefits Review Board and to award
her benefits. Although we have before directed a benefits award when the result was
foreordained and when the record supported only one conclusion, *Mancia*, 130 F.3d at
593–94, we do not do so here. The ALJ's consideration of Dr. Banning's opinion was
flawed, but Dr. Sherman's medical opinion is still contrary to Dr. Banning's. The ALJ
will have to take into consideration the bases for each opinion and the proper weight to be
given the opinion of Dr. Banning as treating physician. These types of factual findings
and credibility determinations are for the ALJ to make, not our Court. We therefore grant
the petition for review, vacate the decision of the Benefits Review Board, and remand the
case with the instruction that the Board remand the case to the ALJ for a reexamination of
the evidence.

## IV. Conclusion

Because the ALJ incorrectly evaluated a medical opinion from a miner's treating
physician, we grant the petition for review of the Benefits Review Board's decision,
vacate the Board's decision, and remand the case with instructions to remand to the ALJ.